IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DONALD LEROY DAVIS, | : |
| Plaintiff | : |
| VS. | : |
| | : NO. 5:07-CV-23 (CAR) |
| STATE OF GEORGIA; E. BYRON SMITH; THOMAS H. WILSON; WILLIAM A. FEARS; GEORGIA SUPREME COURT, | : |
| | : **ORDER** |
| Defendants | : |

Plaintiff **DONALD LEROY DAVIS**, an inmate at Rutledge State Prison in Columbus, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

## *I. REQUEST TO PROCEED IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

Hereafter, plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The agency having custody of plaintiff shall forward said payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C.§1915(b)(2). The clerk of court is directed to send a copy of this Order to the business manager and the warden of the institution where plaintiff is confined.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a federal court is required to dismiss a prisoner's complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. ***Scheuer v. Rhodes***, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. See ***Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id.***

## III. STATEMENT AND ANALYSIS OF CLAIMS

Plaintiff alleges that on April 25, 2000, he pled guilty to murder. According to plaintiff, Judge E. Byron Smith deprived him of his constitutional rights when he accepted and "participated

in" this allegedly involuntary guilty plea. Plaintiff alleges that he later filed a motion to withdraw the plea; and this motion was denied. Apparently plaintiff appealed this denial and the Georgia Supreme Court denied the appeal.

Plaintiff states that he filed a state habeas action and this was denied by the trial court and the Georgia Supreme Court affirmed the denial of relief. Plaintiff also alleges that he has filed a federal habeas corpus action that was denied.

Plaintiff maintains that he filed a motion to vacate an illegal sentence in the Monroe County Superior Court. According to plaintiff, Judge Thomas H. Wilson violated his constitutional and civil rights when he dismissed this action for lack of jurisdiction. This dismissal was upheld on appeal.

Plaintiff then apparently filed a petition for writ of mandamus and a request for mandamus nisi in the Monroe County Superior Court. Plaintiff alleges that Judge William A. Fears deprived him of his constitutional and civil rights when he dismissed this action. Plaintiff states that he filed a notice of discretionary appeal and the Georgia Supreme Court denied the appeal.

Plaintiff alleges that he has given the Georgia Supreme Court and the State of Georgia many chances to correct his allegedly void conviction and sentence; but they have reused to act.

Plaintiff requests the following relief: "Order the Superior Court Judges of Monroe County Georgia to reverse [plaintiff's] conviction and sentence. Order the Georgia Supreme Court to overturn [plaintiff's] conviction with no retaliation from the State of Georgia's courts by enhancing charges or sentence."

The relief that plaintiff requests is not available in a 42 U.S.C. § 1983 action. The United States Supreme Court has explained that release from prison, reversal of a conviction, or reduction of sentence are not available under § 1983. ***See Preiser v. Rodriquez***, 411 U.S. 475 (1973)(challenges to duration or fact or confinement, as opposed to conditions of confinement, are cognizable solely by petition or writ of habeas corpus).

Moreover, to the extent that plaintiff is requesting this Court to "order" Judge Smith , Judge Wilson, Judge Fears, or the Georgia Supreme Court to reverse his conviction, this Court simply has

no authority to compel these individuals or this entity to take any action. Federal mandamus is available only "to compel an officer or employee of the United States ... to perform a duty owed to the petitioner." 28 U.S.C. § 1361. Actions in the nature of mandamus to direct state or local officials in the performance of their duties are not within the jurisdiction of the United States District Courts under 28 U.S.C. § 1361. *See Ferguson v. Alabama Crim. Justice Info. Ctr*., 962 F. Supp. 1446 (M. D. Ala. 1997); *Noe v. Metropolitan Atlanta Rapid Transit Auth*., 485 F. Supp. 501 (N.D. Ga. 1980), *aff'd*, 644 F.2d 434 (11th Cir.).

Finally, Judge Smith, Judge Wilson, and Judge Fears are entitled to judicial immunity; and the State of Georgia (along with any of its agencies) enjoys immunity under the Eleventh Amendment. *See* 42 U.S.C. § 1983; *Will v. Michigan Dep't of State Police*, 491 U.S. 58, (1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Bolin v. Story*, 225 F.3d 1234 (11th Cir. 2000)*; Schopler v. Bliss*, 903 F.2d 1373, (1990); *Mauldin v. Burnette*, 89 F. Supp.2d 1371 (M.D. Ga. 2000)

For these reasons, plaintiff's 42 U.S.C. § 1983 action must be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.[1]

**SO ORDERED**, this 29th day of January, 2007.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

lnb

---

[1] Because plaintiff's action is being dismissed, his Motion to Appoint Counsel is **DENIED** as moot.